## George E. Ross-Lewin v. Philip E. Goold, Admr.

### Gen. No. 11,077.

|113    499|
|a211s 384|

1. DISCHARGE IN BANKRUPTCY—*when, not void for want of jurisdiction.* Where the petition of a party seeking to be adjudged a bankrupt avers that his " principal place of residence " for the greater portion of six months next preceding thè filing of such petition was in the particular jurisdiction in which such petition was filed, and the District Court takes jurisdiction of such petition and ultimately orders a discharge of such bankrupt, such allegation will be deemed equivalent to an allegation that the place of residence of such bankrupt was as averred in such petition and the discharge entered thereon will be sustained as valid.

2. BANKRUPT'S SCHEDULE—*when, sufficient.* Where a bankrupt in his schedule sets forth a debt represented by a promissory note, to be due to one who is the equitable owner thereof although not the legal payee, it is sufficient.

Action of assumpsit upon promissory note. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

LOCKWOOD HONORE and VINCENT J. WALSH, for appellant.

H. E. LUTHER and AYERS, RINAKER & AYERS, for appellee.

MR. JUSTICE BAKER delivered thə opinion of the court.

Appellee's intestate, John W. Knox, filed, March 19, 1900, in the District Court of the United States for the Northern District of Illinois, his petition to be adjudged a bankrupt, and received his discharge May 15, 1900. December 7, 1900, suit was brought by appellant against him, in the Superior Court, upon his promissory note for $30,400, payable to the order of appellant, upon which it was claimed that $20,556.72 was due. Knox pleaded his discharge in bankruptcy and issues were made and joined upon said plea; he died pending the suit and appellee as his administrator was substituted as defendant in his stead. The cause was heard by the court, and there was a finding and judgment for the defendant.

The only question in the case is whether the discharge in bankruptcy discharged the debt for which the suit was brought. Appellant claims, first, that the bankruptcy proceeding was void for want of jurisdiction of the bankruptcy court; and second, that in any event this particular debt was not discharged, because it was not duly scheduled.

The Bankruptcy Act provides that District Courts of the United States may "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof."

In his petition to be adjudged bankrupt Knox alleged that he had had his *principal place of residence* for the greater portion of six months next immediately preceding the filing of his petition at Chicago in said district, and it is contended that this allegation was not sufficient to give the District Court of said district jurisdiction. This contention cannot, in our opinion, be maintained. We think the words "principal place of residence" in the petition must be held to mean place of residence, and this was the construction placed upon those words by the District Court of the United States when it assumed jurisdiction of the case.

Nor can the objection that this particular debt was not discharged because it was not duly scheduled, be sustained. Appellant was the cashier of the First National Bank of Denver. It is conceded that the indebtedness for which it was given was due to that bank and that it has at all times been the real owner of said note. It was therefore proper to schedule the note and the debt it represented as a debt due to the First National Bank of Denver, although the note was payable to appellant, the cashier of the bank.

The judgment of the Superior Court will be affirmed.

*Affirmed.*